RONNIE WIGGINS #05766-051
Name and Prisoner Number/Alien Registration Number

UNITED STATES PENITENTIARY
Place of Confinement

P.O. BOX 1000
Mailing Address

LEWISBURG, PA 17837
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

FILED
SCRANTON
MAY 0 4 2010
PER _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA ("SCRANTON")

RONNIE WIGGINS,
(Full Name of Petitioner)

    Petitioner,

vs.

B.A. BLEDSOE,
(Name of Warden, Jailor or authorized person having custody of Petitioner)

    Respondent.

CASE NO. 10-949
(To be supplied by the Clerk)

PETITION UNDER 28 U.S.C. § 2241
FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN FEDERAL CUSTODY

PETITION

1. What are you challenging in this petition?
   ☐ Immigration detention
   ☒ Bureau of Prisons sentence calculation or loss of good-time credits
   ☐ Probation, parole or supervised release
   ☐ Other (explain): PURSUANT TO WOLFF V. MCDONNELL, 418 U.S. 539, 556, 94 St. Ct. 2963, 41 L.ED 2d 935 (1974) (PROCEDURAL DEFECT IN PETETIONER'S DISCIPLINARY PROCESS WHICH HAS EFFECTED CREDITS TOWARDS RELEASE BASED ON GOOD TIME CREDITS.

2. (a) Name and location of the agency or court that made the decision you are challenging: U.S.P LEWISBURG PENETENTIARY, PA P.O. BOX 1000, LEWISBURG, PA 17837

   (b) Case or opinion number: #186713?

   (c) Decision made by the agency or court: LOSS OF 41 DAYS GOOD TIME CREDITS, LOSS OF TELEPHONE PRIVILEGE 180 DAYS; LOSS OF VISITING PRIVILEGE 180 DAYS; DISCIPLINARY SEGREGATION 60 DAYS.

Revised 3/9/07                                    1                                    **530**

    (d) Date of the decision: _August 14, 2009_

3. Did you appeal the decision to a higher agency or court?   Yes ☑   No ☐

   If yes, answer the following:

   (a) First appeal:

      (1) Name of the agency or court: _Regional Director, Northeast Regional Office_

      (2) Date you filed: _N/A_

      (3) Opinion or case number: ~~#~~ _Appeal No: 564213-R1_

      (4) Result: _Appeal Denied_

      (5) Date of result: _N/A_

      (6) Issues raised: _Due Process Violation_

   Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

   (b) Second appeal:

      (1) Name of the agency or court: _Office of General Counsel_

      (2) Date you filed: _N/A_

      (3) Opinion or case number: _Appeal No: 564213-A1_

      (4) Result: _Appeal Denied_

      (5) Date of result: _N/A_

      (6) Issues raised: _Due Process Violation_

   Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

   (c) Third appeal:

      (1) Name of the agency or court: _N/A_

      (2) Date you filed: _N/A_

(3) Opinion or case number: N/A

(4) Result: N/A

(5) Date of result: N/A

(6) Issues raised: N/A

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

4. If you did not appeal the decision to a higher agency or court, explain why you did not: N/A

5. Other than the appeals listed above, have you filed any other petitions, applications or motions concerning the issues raised in this petition?   Yes ☐   No ☑

If yes, answer the following:

(a) Name of the agency or court: N/A

(b) Date you filed: N/A

(c) Opinion or case number: N/A

(d) Result: N/A

(e) Date of result: N/A

(f) Issues raised: N/A

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

6. For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available administrative remedies on each ground on which you request action by the federal court.

3

GROUND ONE: 5TH AMENDMENT "PROCEDURAL DUE PROCESS VIOLATION" UNDER WOLFF V. MCDONNELL 418 U.S. 539, 556, 94 S.Ct. 2963 41 L.ED 2D 935 (1974) AND VIOLATION OF THE BUREAU OF PRISONS 28 C.F.R (CODES OF FEDERAL REGULATIONS) §541.14, §541.17

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):
ON AUGUST 14, 2009 AT APPROX. 9:40 A.M. PETITIONER WENT BEFORE THE DISCIPLINE HEARING OFFICER, ("DHO") B. CHAMBERS, ALONG WITH REQUESTED STAFF REPRESENTATIVE OFFICER CRAWFORD. PETITIONER INDICATES THAT THE DHO VIOLATED HIS DUE PROCESS RIGHT TO AN IMPARTIAL FACT FINDER, DENIED HIM THE RIGHT TO ALLOW STAFF REPRESENTATIVE ("CRAWFORD") TO REVIEW DOCUMENTARY EVIDENCE, AND DHO FOUND PETITIONER GUILTY ON INSUFFICIENT EVIDENCE TO SUPPORT THE CHARGES. PETITIONER INFORMED THE DHO THAT THE CHARGES WERE FALSE, AND THERE'S NO EVIDENCE IN THE RECORD THAT SUPPORTS THE CHARGES OF "AIDING AN ASSAULT."

* PETITIONER INDICATES THAT THE DHO DID NOT ALLOW HIS STAFF REPRESENTATIVE TIME TO REVIEW THE VIDEO FOOTAGE, IN PREPARING HIS DEFENSE. PETITIONER INDICATES THAT THE DHO WAS NOT IMPARTIAL BECAUSE HE ("DHO") CONDUCTED HIMSELF AS AN INVESTIGATOR INTO THE DISCIPLINARY CASE, BY REVIEWING THE CAMERA FOOTAGE ON HIS OWN ACCOUNT; OUTSIDE OF THE HEARING. UNDER 28 C.F.R § 541.16 (6) IN ORDER TO INSURE IMPARTIALITY, THE DHO MAY NOT BE THE "REPORTING OFFICER", "INVESTIGATING OFFICER", OR UDC MEMBER, OR A "WITNESS TO THE INCIDENT OR PLAY ANY SIGNIFICANT PART IN HAVING THE CHARGE(S) REFERRED TO THE (DHO). IN THIS CASE DHO CHAMBERS INDICATE IN HIS REPORT THAT HIS FINDING OF GUILT IS BASED ON HIS OWN SELF INVESTIGATIVE REVIEW OF THE VIDEO FOOTAGE IN THE CASE, EVIDENCE UPON WHICH THE CHARGES ARE BASED. SEE: EXHIBIT "A". TRUE AND CORRECT COPY OF DHO REPORT.
(SEE: ADDITIONAL PAGE 4a)

(b) Did you exhaust all available administrative remedies relating to Ground One?   Yes ☑   No ☐

(c) If yes, did you present the issue to:
☐ The Board of Immigration Appeals
☑ The Office of General Counsel
☐ The Parole Commission
☐ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground One, explain why:

N/A

## "ADDITIONAL PAGE"

Petitioner indicates the DHO's findings were based upon insufficient evidence to support the charge of assault ("aiding"). The Petitioner presents the following facts, which demonstrates a clear inaccurate set of insufficient evidence:

* On 5-11-2009, the reporting officer concluded that the Petitioner passed, via a "fishline", an eight inch flat metal weapon from cell G-202 to cell G-223.

* On 4-3-2009, video surveillance indicated the weapon was concealed in a magazine as it was being transferred from cell to cell.

* Approx. 7:50 P.M. on 4-3-2009, one of the inmates in cell 223 assaulted his cell mate with the weapon provided by the Petitioner.

* This conclusion is based upon inmate interviews and video surveillance.

* This finding is further based on a review of the video footage in this case, evidence upon which the charges are based. ("Chamber's Investigation")

* 1:17:33 P.M. A "newspaper" or "magazine" is observed moving across the range floor, from cell G-202 to cell G-223. The newspaper or magazine goes into cell G-223.

(See: Additional Page 4b)

(4a)

# "ADDITIONAL PAGE"

* THIS FINDING IS FURTHER BASED ON INMATE INTERVIEWS, AS DOCUMENTED IN SECTION 11 OF THE INCIDENT REPORT.

PETITIONER NOW CONTEST THESE ABOVE SEVEN (7) FALSE ACCUSATIONS AS BEING INACCURATE FOR THE FOLLOWING REASONS:

* THIRTY-EIGHT (38) DAYS AFTER THE INCIDENT, THE REPORTING OFFICER STATES THAT THE PETITIONER ("WIGGINS") PASSED, VIA A "FISH LINE", AN EIGHT INCH FLAT METAL WEAPON FROM HIS CELL TO ANOTHER.
PETITIONER INDICATES THAT IF THIS REPORTING OFFICER OBSERVED THE PASSING OF A EIGHT INCH METAL WEAPON, THEN WHAT PREVENTED THIS REPORTING OFFICER FROM INTERCEPTING THIS TRANSACTION AT 1:17 P.M.? IF THIS REPORTING OFFICER KNEW THAT THERE WAS NOW A WEAPON IN CELL G-223, THEN WHAT PREVENTED THIS REPORTING OFFICER FROM NOTIFYING SHIFT LIEUTENANT AND CONDUCTING A CELL SEARCH FOR THE PURPOSE OF RETRIEVING THIS WEAPON?
PETITIONER INDICATES THAT THIS ALLEGED WEAPON ENTERED THIS CELL AT 1:17 P.M. THE ASSAULT OCCURRED AT 7:50 P.M. PETITIONER ALSO INDICATES THAT THE CHARGING OFFICER FAILED TO DOCUMENT THE FACT OF THE MATTER BEFORE LEAVING WORK ON 4-3-2009; BECAUSE THE RECORD DOES NOT REFLECT THE REPORTING OFFICER REPORTING HIS OBSERVATION OF THIS WEAPON ON 4-3-2009 AT 1:17 P.M.; UNTIL THIRTY-EIGHT DAYS AFTER THE INCIDENT. (SEE ADDITIONAL PAGE 4c)

(4b)

# "ADDITIONAL PAGE"

* RECORD REFLECTS THAT VIDEO SURVEILLANCE INDICATED THE WEAPON WAS CONCEALED IN A MAGAZINE AS IT WAS BEING TRANSFERRED FROM CELL TO CELL ("G-202 TO CELL G-223").
PETITIONER INDICATES THAT RECORD SUPPORT THE FACT THAT THE REPORTING OFFICER SUBMITTED HIS CHARGES AGAINST THE PETITIONER UDER HIS OWN SELF-MADE ASSUMPTIONS; BECAUSE IF THE CAMERA ONLY REVEALS A MAGAZINE BEING PASSED THROUGH THE HALLWAY, THEN ONE CAN ONLY ASSUME ANYTHING FURTHER.
THIS REPORTING OFFICER DID NOT PHYSICALLY OBTAIN THIS WEAPON THAT WAS BEING ALLEGEDLY MOVED ("PASSED") THROUGH THE HALLWAY. THE REPORTING OFFICER LEARNED OF THIS WEAPON DURING AN INVESTIGATION AFTER THE INCIDENT OCCURRED. THIS REPORTING OFFICER DID NOT HAVE ANY FIRST HAND KNOWLEDGE OF THIS WEAPON AS HE REPORTED IT BEING PASSED BY THE PETITIONER, BECAUSE IF SO HE COULD HAVE PREVENTED THE ASSAULT, WHICH OCCURRED ALMOST SEVEN (7) HOURS LATER.

* THE EVIDENCE ACCORDING TO THE VIDEO FOOTAGE DOES NOT SUPPORT THE FACT THAT PETITIONER AIDED IN AN ASSAULT, SIMPLY BECAUSE HE PASSED WHAT WAS KNOWN ON CAMERA "A MAGAZINE". ALSO THE DHO'S FINDINGS BASED UPON INMATE INTERVIEWS WHICH IS NOT A SUFFICIENT REASON TO FIND PETITIONER GUITY, WHERE AS AN INMATE HAS ALL THE MORE REASONS TO LIE ON THE PETITIONER IN A PRISON SETTING.              (SEE: ADDITIONAL PAGE 4d)

(4c)

# "ADDITIONAL PAGE"

Petitioner indicates that the DHO based part of his findings on even hand written notes allegedly authored by the Petitioner. Petitioner indicates the fact that the DHO denied him access to these alleged notes that supposively beared his own signature. Petitioner indicated that these notes were fabricated and he ("Petitioner") has the right to review them in his defense under the C.F.R § 541.14(b)(2)

In Pertinent Part: "The DHO shall give a copy of the investigation and other relevant materials to the inmate's staff representative for use in presentation on the inmate's behalf."

Petitioner indicates that the DHO refused to allow his staff representative the right to confirm these hand written notes which supposively beared his signature. Petitioner also indicates that through C.F.R §541.14(b)(2) he's entitled to these hand written notes through his staff representative, because these notes were supposively written by him; therefore the Petitioner has the right to this documentary evidence.

Petitioner indicates that the DHO's report clearly fails to support the fact that the Petitioner aiding in the assault, because if it is correct that the Petitioner allegedly

(SEE: ADDITIONAL PAGE 4E)

(4d)

# "ADDITIONAL PAGE"

ORDER INMATE COKER TO KILL INMATE LOEFFLER, THEN WHY WOULD IT BE INMATE LOEFFLER PROVIDING THE PETITIONER WITH A SUPPORTING AFFIDAVIT TO CLEAR HIM FROM CHARGES?

ONE WOULD THINK THAT IF THE PETITIONER WAS TRYING TO KILL INMATE LOEFFLER, THEN INMATE LOEFFLER WOULD NOT SUPPORT THE PETITIONER INNOCENCE.

PETITIONER INDICATED TO THE DHO THAT HE WAS AWARE OF THE ONLY INDIVIDUAL THAT COULD HAVE PROVIDED HIM ("DHO") WITH A FABRICATED STATEMENT, IS NO OTHER THAN INMATE COKER; ALL FOR THE PURPOSE OF PROTECTING HIMSELF.

PETITIONER INDICATES THAT THE DHO VIOLATED HIS PROCEDURAL DUE PROCESS RIGHT UNDER <u>WOLFF</u>, BECAUSE THE DHO DID NOT CONDUCT HIMSELF AS IMPARTIAL FACT-FINDER WHOSE ROLE IS TO COVER ALLEGED ACTS OF MISCONDUCT AND VIOLATIONS OF PROHIBITED ACTS, UNDER C.F.R.§ 541.16. THE DHO REFUSED TO ALLOW PETITIONER'S STAFF REPRESENTATIVE THE RIGHT TO REVIEW ALL RELEVENT MATERIALS IN PRESENTING A DEFENSE. DHO'S FINDINGS WERE SUPPORTED BY INSUFFICIENT EVIDENCE, BECAUSE THE REPORTING OFFICER'S ACCOUNT WAS NOT FIRST HAND KNOWLEDGE, VIDEO FOOTAGE ONLY SUPPORT AN ASSUMPTION OF THE FACT OF THE MATTER, INMATE CONFIDENTIAL INFORMANTS IS NOT A SUFFICIENT SOURCES; ONLY A FACT OF "HEARSAY." ALL DOCUMENTS ALLEDGELY AUTHORED BY PETITIONER WAS NEVER CONFIRMED AS ACCURATE SIGNATURE. PETITIONER HAS DEMOSTRATED WHY HIS PROCEDURAL DUE PROCESS RIGHTS HAS BEEN VIOLATED IN THIS DISCIPLINARY PROCEEDING...

(4E)

**GROUND TWO:** N/A

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) Did you exhaust all available administrative remedies relating to Ground Two?    Yes ☐   No ☑

(c) If yes, did you present the issue to:
  ☐ The Board of Immigration Appeals
  ☐ The Office of General Counsel
  ☐ The Parole Commission
  ☐ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground Two, explain why:

N/A

**GROUND THREE**: _____

_____
_____
_____ N/A _____
_____

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) Did you exhaust all available administrative remedies relating to Ground Three?   Yes ☐   No ☑

(c) If yes, did you present the issue to:
   ☐ The Board of Immigration Appeals
   ☐ The Office of General Counsel
   ☐ The Parole Commission
   ☐ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground Three, explain why:

N/A

**GROUND FOUR:** _____

N/A

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) Did you exhaust all available administrative remedies relating to Ground Four?    Yes ☐   No ☑

(c) If yes, did you present the issue to:
   ☐ The Board of Immigration Appeals
   ☐ The Office of General Counsel
   ☐ The Parole Commission
   ☐ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground Four, explain why:

N/A

Please answer these additional questions about this petition:

7. Are you challenging your conviction or sentence in any of the grounds raised above? Yes ☐   No ☑
(Claims challenging a federal conviction or sentence may only be raised in a motion under 28 U.S.C. § 2255, unless the § 2255 motion is legally inadequate or ineffective.)

    If yes, answer the following:

    (a) Have you filed a motion under 28 U.S.C. § 2255?     Yes ☐     No ☑

        If yes, answer the following:

        (1) Name of court: _____

        (2) Case number: _____

        (3) Opinion or case number: _____

        (4) Result: _____ N/A _____

        (5) Date of result: _____

        (6) Issues raised: _____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

    (b) Explain why the remedy under § 2255 is inadequate or ineffective: _____ N/A _____

8. If this case concerns immigration removal proceedings, answer the following:

    (a) Date you were taken into immigration custody: _____

    (b) Date of removal or reinstatement order: _____

    (c) Did you file an appeal with the Board of Immigration Appeals?     Yes ☐     No ☑

        (1) Date you filed: _____

        (2) Case number: _____

(3) Result: _____

(4) Date of result: _____ N/A _____

(5) Issues raised: _____
_____
_____

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

(d) Did you file an appeal with the federal court of appeals?   Yes ☐   No ☑

(1) Name of the court: _____

(2) Date you filed: _____

(3) Case number: _____ N/A _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____
_____
_____

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

9. Petitioner asks that the Court grant the following relief: PETITIONER ASK THAT GOOD TIME CREDITS BE RESTORED, INFRACTIONS REMOVED ("EXPUNGED") FROM INMATE RECORD. PETITIONER REQUEST AN FULL COMPLETE INTERNAL AFFAIRS INVESTIGATION INTO THE ABOVE CASE. PETITIONER REQUEST TO BE PLACED BACK ON THE CORRECT PROGRAM LEVEL BEFORE THE DUE PROCESS VIOLATION OCCURRED.
or any other relief to which Petitioner may be entitled. (Money damages are not available in habeas corpus cases.)

I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ 4/28/2010 _____ (month, day, year).

_____
Signature of Petitioner

_____     _____
Signature of attorney, if any                          Date

9

Inmate Name: RONNIE WIGGINS
Register Number: #05766-051
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

Legal Mail

No FEE Fee 33¢
Enclosed 4/1/24

RECEIVED
SCRANTON
MAY 04 2010
PER _____ DEPUTY CLERK

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
WILLIAM J. NEALON FEDERAL BLDG. & U.S. COURTHOUSE
235 NORTH WASHINGTON AVE.
P.O. BOX 1148
SCRANTON, PA 18501-1148

U.S. PENITENTIARY
P.O. BOX 1000
LEWISBURG, PA 17837
DATE APR 6 2010
THE ENCLOSED LETTER WAS PROCESSED THROUGH
SPECIAL MAILING PROCEDURES FOR FORWARDING TO
YOU. THE LETTER HAS BEEN NEITHER OPENED NOR
INSPECTED. IF THE WRITER RAISES A QUESTION OR
PROBLEM OVER WHICH THIS FACILITY HAS JURIS-
DICTION, YOU MAY WISH TO RETURN THE MATERIAL
FOR FURTHER INFORMATION OR CLARIFICATION. IF
THE WRITER ENCLOSES CORRESPONDENCE FOR
FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN
THE ENCLOSURE TO THE ABOVE ADDRESS.